**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY LANDOLFI, <br><br> Plaintiff, <br><br> v. <br><br> RENE JONES, *et al.*, <br><br> Defendants. | Civil Action No. 24-5908 (MAS) (TJB) <br><br> MEMORANDUM OPINION |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Anthony Landolfi's ("Plaintiff") Motions to Remand and Compel (ECF Nos. 6, 8), and Defendants Rene Jones and M&T Bank's ("M&T") (collectively, "Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") (ECF No. 7). Both parties filed oppositions (ECF Nos. 10, 11, 12) and replies (ECF Nos. 13, 15, 16) to the various motions. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons set forth below, the Court denies Plaintiff's Motions to Remand and Compel and grants Defendants' Motion to Dismiss.

**I.   BACKGROUND**[1]

Plaintiff's father, Richard Landolfi ("Landolfi") (Pl.'s Opp'n Br. 4, ECF No. 10), owns a property located in Manalapan, New Jersey, through a mortgage with Hudson City Savings Bank

---

[1] For the purpose of considering the instant motions, the Court accepts all factual allegations in the SAC as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

(SAC ¶ 6, ECF No. 1-3). In 2015, M&T bought Hudson City Savings Bank. (*Id.* ¶¶ 8-9.) After that purchase, Landolfi started making monthly payments on his mortgage to M&T. (*Id.* ¶ 10.) Plaintiff, however, learned that M&T was engaged in potentially unfair and deceptive trade practices. (*Id.* ¶ 11.) After learning this, Plaintiff filed suit against Defendants in the Superior Court of New Jersey, asserting five causes of actions: (1) constructive fraud; (2) unfair and deceptive trade practices; (3) conversion; (4) fraud and fraud in the inducement; and (5) unjust enrichment. (*See generally* ECF No. 1-1.) In short, the gravamen of Plaintiff's SAC is that Landolfi—Plaintiff's father—paid money that he did not owe to M&T. (SAC ¶¶ 13-42.)

On May 8, 2024, Defendants removed this action to federal court, invoking the Court's diversity jurisdiction. (Notice of Removal ¶ 17, ECF No. 1.) On May 15, 2024, Plaintiff filed a Motion to Remand. (ECF No. 6.) That same day, Defendants filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)[2], arguing lack of standing and failure to state a claim. (Defs.' Moving Br. 1, ECF No. 7-11.) On the very next day, Plaintiff filed a Motion to Compel Defendants to answer his SAC. (ECF No. 8.) The motions are now ripe for resolution.

## II.     LEGAL STANDARDS

### A.     Motion to Remand

Federal courts are courts of limited jurisdiction, meaning that for a federal court to hear a case, it must have jurisdiction over the issue, such as diversity or federal question jurisdiction. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983). The federal removal statute, 28 U.S.C. § 1441, states that unless "otherwise expressly provided by . . . Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the

---

[2] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

place where such action is pending." 28 U.S.C. § 1441(a). A plaintiff can move to remand a case removed to a federal court where the court lacks subject matter jurisdiction or removal was otherwise improper. *Id.* § 1447(c).

For removal to be proper, a federal court must have original jurisdiction; that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States[,]" *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)), or there must be complete diversity between the parties. *See* 28 U.S.C. § 1332. To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity statute, no plaintiff can be a citizen of the same state as any of the defendants, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990), and the amount in controversy must exceed $75,000.00. *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

The Third Circuit has held that the removal statute "is to be strictly construed against removal" to honor Congressional intent. *Samuel-Basset v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1995) ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand." (citation omitted)). Thus, a district court shall remand a case that was removed to federal court if "at any time before final judgment it appears the district court lacks subject matter jurisdiction[.]"

28 U.S.C. § 1447(c). To defeat a motion to remand, a defendant bears the burden of demonstrating the federal court's jurisdiction. *Abels*, 770 F.2d at 29 (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).

**B.     Motion to Dismiss—Rule 12(b)(1)**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a matter for lack of standing "because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). As such, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). District courts considering a facial challenge, then, must construe the allegations in the complaint as true and determine whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *see also Cardio-Med. Assocs. Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983). "Thus, '[t]o survive a motion to dismiss [for lack of standing], a complaint must contain sufficient factual matter' that would establish standing if accepted as true." *In re Horizon Health. Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 633 (3d Cir. 2017) (alteration in original).

In matters where a plaintiff proceeds pro se, district courts are required to construe the complaint liberally. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32 (3d Cir. 2011). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

### III. **DISCUSSION**

For the following reasons, Plaintiff's Motion to Remand is denied, and Defendants' Motion to Dismiss is granted.[3]

#### A. **Motion to Remand**

The Court will begin by addressing Plaintiff's Motion to Remand since it directly invokes questions as to this Court's jurisdiction. *Christ Hosp. v. Loc. 1102 Health & Ben. Fund*, No. 11-5081, 2011 WL 5042062, at *2 (D.N.J. Oct. 24, 2011) ("As the motion to remand affects this Court's subject matter jurisdiction, the Court will treat this motion first."). In support of Plaintiff's Motion to Remand, as Defendants' point out, Plaintiff seemingly conflates personal jurisdiction with subject matter jurisdiction in arguing that this Court lacks jurisdiction.[4] The Court, nonetheless, finds that it has diversity subject-matter jurisdiction and declines to remand.

Under 28 U.S.C. § 1332, a district court has diversity subject-matter jurisdiction to hear "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is

---

[3] The Court declines to separately address Plaintiff's Motion to Compel because Defendants served their Motion to Dismiss on May 15, 2024 (Certificate of Service ¶ 2, ECF No. 7-13), nine days after receiving Landolfi's Complaint (Motion to Compel ¶ 7, ECF No. 8 ("I then sent all updated complaints . . . which [M&T] received on May 6, 2024[.]")); *see* Fed. R. Civ. P. 12(a) (explaining that a defendant may serve a responsive pleading—answer or motion—within twenty-one days after being served with the summons and complaint).

[4] (Defs.' Opp'n Br. 8, ECF No. 12 (explaining that the cases cited by Plaintiff in his Motion to Remand relate to the issue of personal jurisdiction).)

between citizens of different states." "[W]hen a case is removed to federal court, the removing defendant bears the burden of establishing subject-matter jurisdiction." *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 347 (D.N.J. 2010) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005)). "The notice of removal is the defendant's opportunity to persuade the court of its subject-matter jurisdiction." *Id.* (citation omitted). When removing a case based on diversity jurisdiction, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" at the time of removal. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

Here, the Court finds that Defendants have met their burden of establishing diversity subject-matter jurisdiction. Defendants are citizens of New York (*see* Disclosure Statement, ECF No. 4), and Plaintiff and Landolfi reside in New Jersey (*id.*; SAC ¶ 2; *see* Pl.'s Opp'n Br. 4 ("I live with [Landolfi.]")). Plaintiff claims damages exceeding $500,000. (*See generally* SAC.) Because the parties are citizens of different states, and the amount in controversy exceeds $75,000, the Court has original jurisdiction based on diversity. *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d. Cir. 2006). The Court, accordingly, denies Plaintiff's Motion to Remand.

**B.      Motion to Dismiss**

Having determined that removal was proper, the Court turns next to Defendants' Motion to Dismiss. The Court construes Defendants' Motion to Dismiss under Rule 12(b)(1), and dismisses Plaintiff's claims without prejudice for lack of standing.[5] *See Johnsrud v. Carter*, 620 F.2d 29, 32-33 (3d Cir. 1980) (explaining that dismissal on jurisdictional grounds and for failure

---

[5] Although Defendants moved to dismiss with prejudice under Rule 12(b)(6), they challenge Plaintiff's SAC on its face, raising a standing issue. (Defs.' Moving Br. 1 ("*First*, Plaintiff lacks standing to raise the claims in the [SAC] . . . . Accordingly, regardless of the merits of the allegations, the [SAC] necessarily fails and must be dismissed.").)

to state a claim are analytically distinct because the former, involves the right to be heard, whereas the latter, if sustained without leave to plead further, is a disposition on the merits).

Here, Plaintiff lacks standing for two reasons. First, Plaintiff raises no factual allegations of his own, asserting only injuries that Landolfi sustained.[6] *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (noting that standing doctrine generally prohibits a litigant from raising another person's legal rights); *Mariana v. Fisher*, 338 F.3d 189, 205 (3d Cir. 2003) ("[S]tanding requires that a litigant asserts his or her own legal interests rather than those of a third party."). In other words, Plaintiff fails to allege any facts arising from injuries he sustained. Instead, Plaintiff only raises factual allegations resulting in purported injuries that were suffered by his father.

Second, Plaintiff, as a non-attorney proceeding pro se, cannot represent other parties in federal court. *Murray ex rel. Purnell v. City of Phila.*, 901 F.3d 169, 170-71 (citing *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998)); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991) ("[Plaintiff] was not entitled, as a non-lawyer, to represent his children in place of an attorney in federal court."); *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (holding that the district court should not have allowed a non-attorney pro se plaintiff to represent her father—even though plaintiff had a power of attorney for her father). Under this Third Circuit principle, the Court finds that Plaintiff has no standing as a non-attorney proceeding pro se on behalf of Landolfi. *See Lloyd ex rel. T.L. v. Eatontown Pub. Sch. Dist.*, No. 20-1571, 2022 WL 1082452, at*2 (D.N.J. Apr. 11, 2022) (finding that non-attorney plaintiff proceeding pro se does not have standing to bring suit on behalf of his child); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) (dismissing pro se plaintiff's

---

[6] The SAC mentions Landolfi's name twice: (1) on the caption as the named plaintiff; and (2) in the signature on the last page. (SAC. 2, 5.).

complaint without prejudice because plaintiff did not have standing to assert claims on behalf of her daughter). For these reasons, Defendants' Motion to Dismiss is granted, and Plaintiff's SAC is dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motions to Remand and Compel and grants Defendants' Motion to Dismiss. An appropriate Order will follow this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE