**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY LANDOLFI, AGENT AND ATTORNEY IN FACT FOR RICHARD D. LANDOLFI,<br><br>Plaintiff,<br><br>v.<br><br>M&T BANK, *et al.*,<br><br>Defendants. | Civil Action No. 24-5908 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant M&T Bank's ("Defendant") Motion to Dismiss (Def.'s Mot. to Dismiss, ECF No. 21) Plaintiff Anthony Landolfi, Agent and Attorney in Fact for Richard D. Landolfi's ("Plaintiff") Third Amended Complaint ("TAC") (TAC, ECF No. 27). Plaintiff opposed (Pl.'s Opp'n Br., ECF No. 30), and Defendant replied (Def.'s Reply Br., ECF No. 31). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a matter for lack of standing "because standing is a jurisdictional matter." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact,

quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Plaintiff brings this suit[1] as "Agent and Attorney in Fact for Richard D. Landolfi." (TAC at *1.)[2] As a *pro se* litigant, however, Plaintiff lacks standing to bring this action on behalf of Richard D. Landolfi, even if he is Richard D. Landolfi's agent and attorney in fact, as it is well settled that non-attorneys proceeding *pro se* cannot represent other parties in federal court. *Gardner ex rel. Booth v. Inglis House Corp.*, 322 F. Supp. 3d 644, 646 n.3 (E.D. Pa. 2018) ("A non-attorney may not represent another individual *pro se*, even by virtue of a power of attorney."); *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (holding that the district court should not have allowed a non-attorney *pro se* plaintiff to represent her father—even though plaintiff had a power of attorney for her father); *Yoder v. Dist. Att'y Montgomery Cnty.*, 790 F. App'x 478, 481 (3d Cir. 2019) (explaining that "an individual proceeding *pro se* may not represent third parties in federal court, and a power of attorney is insufficient by itself to allow a non-lawyer to litigate on behalf of another"); *Ali-Bey ex rel. Espinoza v. Parker*, No. 25-1548, 2026 WL 357889, at *1 (D. Del. Feb. 9, 2026) (noting that "a non-lawyer may not bring a lawsuit or prosecute a lawsuit on behalf of another even with a power of attorney"); *Miller v. Exelon*, No. 19-231, 2019 WL 952273, at *3 (E.D. Pa. Feb. 26, 2019) ("[E]ven if [Plaintiff] holds power of attorney for . . . another interested party, as a non-attorney, he may not proceed *pro se* in this case.").

The Court therefore finds that as a non-attorney proceeding *pro se* on behalf of Richard D. Landolfi, Plaintiff does not have standing to bring this suit. *See Lloyd ex rel. T.L. v. Eatontown*

[1] The facts and procedural history of this matter are well-known to the parties. The Court, accordingly, directs the parties to its previous Memorandum Opinion in this matter for a detailed recitation of the facts and procedural history. (Mem. Op. 1-2, ECF No. 19.)

[2] Page numbers preceded by an asterisk represent the number atop the ECF header.

*Pub. Sch. Dist.*, No. 20-1571, 2022 WL 1082452, at *2 (D.N.J. Apr. 11, 2022) (finding that non-attorney plaintiff proceeding *pro se* did not have standing to bring suit on behalf of his child); *Jackson v. Bolandi*, No. 18-17484, 2020 WL 255974, at *5 (D.N.J. Jan. 17, 2020) (dismissing *pro se* plaintiff's complaint without prejudice because plaintiff did not have standing to assert claims on behalf of her daughter). For these reasons, Defendant's Motion to Dismiss is granted, and Plaintiff's TAC is dismissed without prejudice.[3] Accordingly,

**IT IS**, on this 31st day of August 2026, **ORDERED** as follows:

1. Defendant's Motion to Dismiss (ECF No. 21) is **GRANTED**.
2. Plaintiff's TAC (ECF No. 27) is **DISMISSED WITHOUT PREJUDICE**.
3. The Clerk shall close this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

[3] Because the Court dismisses the TAC for lack of standing, it does not reach Defendant's remaining failure-to-state-a-claim arguments.